1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9 | VICTOR RODRIGUEZ,                    CV F   07-00923 LJO SMS HC

10 |                     Petitioner,     FINDINGS AND RECOMMENDATION
                                         REGARDING RESPONDENT'S MOTION TO
11 | v.                                  DISMISS

12 |                                     [Doc. 7]
     DARREL ADAMS, Warden,
13
                       Respondent.
14 | _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.

18                                      <u>BACKGROUND</u>

19        In the instant petition, Petitioner contends that prison officials have improperly removed

20 funds from his trust fund account to pay his restitution orders.  He claims that the officer's

21 actions violate the Ex-Post Facto Clause and subject him to double jeopardy.

22        On January 5, 2005, Petitioner submitted an administrative appeal to prison officials,

23 challenging the restitution payments being deducted from his trust account.  (Exhibit 1, attached

24 to Respondent's Motion.)  The appeal was denied at the final level of review on September 23,

25 2005. (Exhibit 2.)  Petitioner then filed a state petition for writ of habeas corpus in the Kings

26 County Superior Court on March 17, 2006.  (Exhibit 3.)  The petition was denied without

27 prejudice for failure to comply with the California Rules of Court for filing habeas petitions.

28 (Exhibit 4.)  Petitioner then filed a state petition in the California Court of Appeal, Fifth

1  Appellate District on May 22, 2006, which was denied without prejudice.  (Exhibits 5, 6.)  On

2  June 22, 2006, Petitioner filed a petition in the California Supreme Court, which was denied on

3  January 17, 2007.  (Exhibits 7, 8.)

4       Petitioner filed the instant federal petition for writ of habeas corpus on June 27, 2007.

5  Respondent filed the instant motion to dismiss on August 30, 2007. (Court Doc. 7.)  Petitioner

6  filed an opposition on December 11, 2007, and Respondent filed a reply on December 19, 2007.

7  (Court Docs. 10, 11.)

8                          DISCUSSION

9  A.     Procedural Grounds for Motion to Dismiss

10      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

11 petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

12 petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to

13 Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

14 remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

15 to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the

16 ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

17 under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g., O'Bremski v. Maass, 915

18 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

19 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254

20 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

21 authority under Rule 4.

22 B.     Failure to State Cognizable Claim Under § 2254

23      Respondent argues that the instant petition fails under § 2254 as it does not challenge the

24 legality of his incarceration or in any way impact the length of his incarceration.  The Court

25 agrees.

26      A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

27 duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser

28 v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules

                                   2

Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

As Respondent correctly argues, contrary to Petitioner's assertion otherwise, the pertinent question is not whether he alleges any constitutional violation, but whether he alleges a constitutional violation that may impact the fact or duration of his imprisonment.  The deduction of funds from Petitioner's prison trust account does not affect the fact or duration of his imprisonment and is therefore not cognizable via § 2254.

C.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on June 27, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

3

4      In most cases, the limitation period begins running on the date that the petitioner's direct

5  review became final.  However, in a situation such as this where the petitioner is challenging a

6  prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the

7  statute of limitations commences when the final administrative appeal is denied. See Redd v.

8  McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of

9  an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered

10  the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir.

11  2004) (holding that the statute of limitations does not begin to run until a petitioner's

12  administrative appeal has been denied).  Therefore, the limitations period commenced on

13  September 23, 2005, the day after Petitioner was informed that his Director's Level appeal had

14  been denied. (See Exhibit B, Respondent's Motion to Dismiss.)  Under section 2244(d)(1)(D),

15  Petitioner had one year from September 23, 2005, absent applicable tolling, in which to file his

16  federal petition for writ of habeas corpus.

17  C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

18      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

19  application for State post-conviction or other collateral review with respect to the pertinent

20  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

21  U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is

22  tolled from the time the first state habeas petition is filed until the California Supreme Court

23  rejects the petitioner's final collateral challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

24  1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

25

26

27

28

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

1  Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the

2  limitations period during the time a petitioner is preparing his petition to file at the next appellate

3  level reinforces the need to present all claims to the state courts first and will prevent the

4  premature filing of federal petitions out of concern that the limitation period will end before all

5  claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,

6  will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan

7  v. Walker, 533 U.S. 167 (2001).

8      As Respondent correctly argues, although Petitioner filed a petition in the Kings County

9  Superior Court on March 17, 2006,[1] it did not serve to toll the limitations period because the

10  superior court determined that it did not comply with California Rules of Court, Rule

11  4.551(a)(1), finding the failure of good cause for non-compliance.[2]  (Exhibit 4.)  A petition that

12  does not comply with filing rules is considered to be "improperly filed" and does not toll the

13  limitations period.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Chavis v. LaMarque, 382

14  F.3d 921, 927 (9th Cir. 2004), rev'd on other grounds, Evans v. Chavis, 546 U.S. 189 (2006).

15  Thus, the statute of limitations continued to run.

16      On May 22, 2006, Petitioner filed a second petition in the Fifth District Court of Appeal.

17  In denying this petition, the Court stated that Petitioner failed to exhaust through the superior

18  court.  (Exhibit 6.)  As Respondent submits, the meaning of this denial is unclear as there is no

19  superior court exhaustion requirement.  Accordingly, the state appellate court's decision is not an

20  unambiguous statement regarding whether this petition cured the defects as identified in the first

21  petition.  However, as discussed infra, this uncertainty is inconsequential as the petition is still

22  untimely even if the second petition is considered to be properly filed.

23      First, if Petitioner's second appellate court petition was not properly filed, it did not serve

24

25      [1] The Court acknowledges the applicability of the mailbox rule to the filing of state habeas corpus petitions,
26  however, because it does not aid Petitioner is making the instant petition timely, the Court does not and need not
    address its applicability.

27      [2] Cal. Rules of Court, Rule 4.551 states in relevant part:
28      (a)(1) Except as provided in (2) [good cause exception], the petition must be on the Petition for Writ of
    Habeas Corpus (form MC-275), and must be served as required in Penal Code section 1475.

to toll the limitations period.  As previously stated, the statute of limitations began to run on September 23, 2005, and continued to run uninterrupted until June 22, 2006, when the California Supreme Court petition was filed.  At that time, 272 days of the limitations period expired.  The limitations period was tolled from June 22, 2006 through January 17, 2007, when the California Supreme Court denied the petition.  It was triggered again on January 18, 2007, and ran until the instant petition was filed on June 27, 2007, resulting in an additional 161 days of the limitations period elapsing.  Thus, 433 days of the limitations period lapsed, far exceeding the one year limitations period, and the instant petition is untimely.

Second, even if Petitioner's second appellate court petition was properly filed, and tolled the limitations period, the clock stopped on May 22, 2006 – resulting in a lapse of 241 days (September 23, 2005, through May 22, 2006).  As just explained, an additional 161 days lapsed until the federal petition was filed, resulting in 402 days of the limitations period expiring, and the instant petition is still untimely and subject to dismissal.

D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[3]  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner's claim that he is ignorant of the law and state court procedures, is insufficient to support a claim for equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

---

[3]  The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations.  In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard.  125 S.Ct. at 1814 n.8.

1  circumstance warranting equitable tolling."). Petitioner's further claim that he is entitled to

2  equitable tolling because he was diligently pursuing his state remedies even if he filed a defective

3  petition, is likewise insufficient. Petitioner's first state habeas corpus petition was not "properly

4  filed" because it did not comply with California law. See Artuz v. Bennett, 531 U.S. 4, 7-8

5  (2000) ("a petition is properly filed so as to toll the statute of limitations when its delivery and

6  acceptance are in compliance with the applicable laws and rules governing filings," such as those

7  prescribing "the form of the document, the time limits upon its delivery, the court and office in

8  which it must be lodged, and the requisite filing fee"). Because Petitioner's first state habeas

9  petition was denied for violating California Rules of Court Rule 4.551, he is not entitled to

10  statutory or equitable tolling because the petition did not meet California's filing requirements.

11                                          RECOMMENDATION

12        Based on the foregoing, it is HEREBY RECOMMENDED that:

13        1.   Respondent's motion to dismiss the instant petition for failure to state a cognizable

14              claim and as time-barred under § 2244(d)(1) be GRANTED; and

15        2.   The Clerk of Court be directed to enter judgment in favor of Respondent.

16        This Findings and Recommendation is submitted to the assigned United States District

17  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

18  the Local Rules of Practice for the United States District Court, Eastern District of California.

19  Within thirty (30) days after being served with a copy, any party may file written objections with

20  the court and serve a copy on all parties. Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

22  and filed within ten (10) court days (plus three days if served by mail) after service of the

23  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

24  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time

25  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th

26  Cir. 1991).

27  IT IS SO ORDERED.

28  **Dated:   __January 14, 2008__              _____/s/ Sandra M. Snyder_____**

1        UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28